UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC CLARK,

    Petitioner,

v.                                                       Case No. 5:10-cv-658-Oc-23TBS

WARDEN, FCC COLEMAN- USP I,

    Respondent.
_____/

**ORDER**

Sentenced as an armed career criminal and serving a sentence at the Federal Correctional Institution in Coleman, Florida,[1] Eric Clark moves (Doc. 1) under 28 U.S.C. § 2241 for a writ of habeas corpus. Claiming that the United States failed to prove that Clark's predicate convictions arose from separate and distinct criminal episodes, Clark challenges the armed career criminal enhancement and seeks re-sentencing without the armed career criminal enhancement. (Doc. 1, pg. 3)[2] The

---

[1] Clark pleaded guilty to the sole count of the indictment, which charged that Clark was a felon and knowingly possessed a firearm and ammunition in or affecting commerce.

[2] If a defendant has three prior convictions for a violent felony or a serious drug offense and is a recidivist convicted under 18 U.S.C. § 922(g) of unlawful possession of a firearm, the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides a minimum fifteen-year term of imprisonment.

United States argues that, among other things, Clark cannot meet the requirements for the savings clause of 28 U.S.C. § 2255. (Docs. 6, 11).

## **Background**

In *United States v. Clark*, Case No. 04-cr-80113 (S.D. Fla.), Clark pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Clark's presentence report stated:

> In this case the defendant possessed a Lorcin .380 caliber semi-automatic pistol. He was convicted on March 9, 1998, of sale of cocaine (Dkt. # 97012681CFB02); on March 9, 1998, of sell or possess cocaine with intent to sell (Dkt. # 97012246CFA02); on January 20, 2000, of sale of cocaine (Dkt. # 99006262CFA02); and on February 23, 2004, of sale of cocaine (Dkt. # 030137CFA02). Pursuant to § 4B1.4(b)(3)(A), the offense level is 34.

(Doc. 6, pg. 3).

On June 6, 2005, Clark was sentenced to a 300-month term of imprisonment and a five-year term of supervised release. (Docs. 84, 85 in Case No. 04-cr-80113). The court of appeals' November 8, 2007, mandate affirmed in all respects. (Doc. 97 in Case No. 04-cr-80113).

Under 28 U.S.C. § 2255 Clark unsuccessfully moved to vacate. *Clark v. United States*, Case No. 07-cv-80843-DMM (S.D. Florida).[3] (Doc. 18 in Case No. 07-cv-80843) Clark failed to appeal.

## Discussion

In his Section 2241 petition, Clark challenges the use of predicate convictions for the ACCA enhancement. Clark asserts that the four predicate crimes listed in his presentence report are "non-qualifying" because non-*Shepard*-approved documents were used to establish that, for purposes of the ACCA, the crimes were committed on different occasions. *Shepard v. United States*, 544 U.S. 13, 16 (2005). (Doc. 1, pg. 11-12).

Under 28 U.S.C. § 2255(e) "an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that . . . [the sentencing court] has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." To maintain his petition Clark must

---

[3] Clark raised (1) ineffective assistance of counsel based on Clark's claim that he would not have pleaded guilty if his trial counsel had not advised him that by doing so he would receive a two-level reduction for acceptance of responsibility under the Sentencing Guidelines, (2) ineffective assistance of counsel based on defense counsel's allegedly advising Clark that to prove an element of the offense of felon in possession of a firearm the government was required to establish that Clark intentionally fired his gun at a pursuing police officer, (3) ineffective assistance of counsel due to trial counsel's supposedly erroneous advice concerning Clark's probable sentencing guidelines, and (4) violation of Clark's Fifth and Sixth Amendment due process rights by imposition of the armed career criminal enhancement without a jury finding.

invoke the "savings clause" and demonstrate that Section 2255 is "inadequate or ineffective to test the legality of his detention."

*Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2012), holds that if an offender has had an opportunity for a direct appeal and an opportunity for collateral review under Section 2255, the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Gilbert*, 640 F.3d at 1323. Instead, "for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." *Gilbert*, 640 F.3d at 1312.

*Gilbert* acknowledges an exception based on *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999), which limits Section 2255(e)'s savings clause to a circumstance in which (1) the Section 2241 petition is based upon a retroactively applicable Supreme Court decision, (2) the Supreme Court decision establishes that the petitioner was convicted of a non-existent offense, and (3) the Supreme Court decision is "circuit law busting" because the law of the circuit squarely foreclosed the claim during the petitioner's trial, appeal, and first motion under Section 2255. *Wofford* effectively limits Section 2255(e)'s savings clause to a case in which a

Supreme Court decision establishes that the petitioner is actually innocent of the underlying offense and not that the petitioner is "innocent of the sentence."

More recently, *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), and *Mackey v. Warden*, 739 F.3d 657 (11th Cir. 2014), granting relief to petitioners erroneously sentenced under the ACCA, hold that a prisoner satisfies the savings clause if the prisoner establishes that a retroactively applicable decision of the Supreme Court overturns binding precedent and results in the prisoner's serving a sentence in excess of the statutory maximum for the same conduct. *Mackey*, 739 F.3d at 657, 661-62.

*Mackey* finds that the savings clause applies if a petitioner establishes (1) that throughout his sentencing, direct appeal, and first Section 2255 proceeding, circuit binding precedent specifically addressed the petitioner's conviction triggering the ACCA and squarely foreclosed the prisoner's claim of a sentence above the ten-year statutory penalty in Section 924(a); (2) that after the petitioner's first Section 2255 motion a Supreme Court decision overturned circuit precedent that had squarely foreclosed a petitioner's Section 924(e) claim; (3) that the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) that as a result of the new rule's retroactivity, a petitioner's current sentence exceeds the ten-year statutory maximum authorized by Congress in Section 924(a); and (5) that Section 2255(e)'s savings clause reaches the Section 924(e) claim of illegal detention above the statutory maximum penalty in Section 924(a). *Mackey*, 739 F.3d at 657, 661-62.

Clark fails to establish entitlement to relief under the savings clause. Clark's claims are not based on a retroactive, circuit law-busting decision of the Supreme Court. There is no authority that would support Clark's argument that he was improperly sentenced under the ACCA. None of the authority cited by Clark entitles Clark to relief.

## Conclusion

The petition under 28 U.S.C. § 2241 is **DENIED WITH PREJUDICE**. The Clerk is directed to enter judgment denying the petition, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on March 17, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE